# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 1:03CR486** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Judge Peter C. Economus** |
| | ) | |
| **YOHNELL WALKER,** | ) | |
| | ) | |
| **Defendant.** | ) | **ORDER** |

On September 28, 2004, the Defendant, Yohnell Walker, was sentenced to fifty-one (51) months imprisonment, followed by four (4) years of supervised release, for conspiracy to possess with intent to distribute cocaine base, a Class A felony. His supervised release commenced on November 26, 2006.

On or about August 20, 2009, the Defendant's probation officer submitted a violation report alleging the following violations of the terms of supervised release:

1. **New Law Violations-** On April 1, 2008, the offender was arrested by the Cleveland Police Department and charged in Case Number CR509984A, on three count Trafficking Offenses: two count Drug Possession; and one count Possessing Criminal Tools. The offender posted bond of $7,500.00.

2. **New Law Violations**- On December 30, 2008, the offender was arrested by the Cleveland Police Department and charged in Case Number CR519619A, on one court Trafficking; one count Drug Possession; and one count Possessing Criminal Tools. The offender posted bond of $5,000.00.

3. **New Law Violations**- On January 27, 2009, the offender was arrested by the Cleveland Police Department and charged in Case Number CR520184B, on two counts Trafficking Offenses; one count Drug Possession; and one count Possessing Criminal Tools. The offender posted bond of $5,000.00.

4. **Association with a Known Felon**

On September 24, 2009, the probation officer issued a Supplemental Information Report indicating:

> On 08/05/2009, the offender pled guilty before the Honorable Steven J. Terry in Cuyahoga County Court of Common Pleas as follows:
>
> **Violation #1)** Case number CR-08-509984-A to Trafficking offenses 2925.03 A(2) (Felony 4) with forfeiture specifications as charged in Count 5 of the Indictment;
>
> **Violation #2)** Case number CR-09-519619-A to Drug Possession 2925.11 A (Felony 3) with forfeiture specifications as charged in Count 2 of the Indictment.
>
> **Violation #3)** Case number CR-09-520184-B to Trafficking offenses 2925.03 A(1) (Felony 5) with forfeiture specifications as amended in Count 1 of the Indictment;
>
> All remaining counts were Nolled. The offender was referred to the County Probation Department for a presentence investigation report and was advised of Post Release Control for 3 years. Sentencing is currently scheduled for 09/29/2009 at 9:00 a.m. He is out on bond.

The matter was referred to Magistrate Judge James S. Gallas to conduct the appropriate proceedings, except for sentencing, and to prepare a report and recommendation. The Defendant appeared before the Magistrate Judge for an initial appearance on the alleged violations on October 1, 2009, and was represented by counsel Michael Goldberg. At the hearing, the Defendant admitted to violations one through four. The Magistrate Judge has

issued a report and recommendation, recommending that the Court find that the Defendant has violated the terms of his supervised release. (Dkt. # 598).

On October 19, 2009, the probation officer filed a second Supplemental Information Report stating:

> On 10/02/2009, the offender was sentenced in Case numbers CR-08-509984; CR-09-519619-A and CR09-519619-A to 2 years custody to run concurrent with any imposed federal sentence, forfeit two cell phones and $658.00 in U.S. Currency, 3 years community control and court costs.
>
> **Association with a Known Felon:** On April 10, 2008, the offender was arrested in the company of Jonathon Frank. Mr. Frank has one prior criminal conviction. On June 6, 2006, Mr. Frank was convicted in Case Number 96CR333912 of one count, Trafficking in Drugs. He was sentenced to 1 year custody.

The Court has reviewed the Magistrate Judge's report and recommendation and finds that it is well-supported. The Defendant has admitted violations one through four of the probation officer's violation report. As a result, the Court finds that the Defendant has violated the terms of his supervised release. Because violation number two involves drug possession, pursuant to 18 U.S.C. § 3583(g)(1), the Court must revoke the term of supervised release and require the defendant to serve a term of imprisonment, subject to the exception listed in 18 U.S.C. § 3583(d).

The Court has considered the statutory maximum sentence of five years pursuant to 18 U.S.C. § 3583(e)(3). The Court has also considered the advisory policy statements set forth in Chapter Seven of the United States Sentencing Guidelines prior to imposing sentence. The guideline range is 37 to 46 months pursuant to U.S.S.G. § 7B1.4(a).

Furthermore, the Court has considered the factors for sentencing listed in 18 U.S.C. § 3553(a) and 3583(d).

The Court hereby **ADOPTS** the Magistrate's Report and Recommendation. (Dkt. # 598). Based on this Court's review of all relevant factors, the Court hereby orders that the Defendant's supervised release is **REVOKED**, and the Defendant is sentenced to forty-six (46) months imprisonment. Furthermore, the Defendant's remaining term of supervised release is hereby terminated.

**IT IS SO ORDERED.**


Issued: October 20, 2009         s/ Peter C. Economus
                                 PETER C. ECONOMUS
                                 UNITED STATES DISTRICT JUDGE